1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS LORENZO ARMENTERO,

11          Plaintiff,                    No. CIV S-06-1949 FCD DAD P

12          vs.

13   L. SNEAD,                            ORDER AND ORDER DIRECTING SERVICE

14          Defendant.                    BY THE UNITED STATES MARSHAL

15   _____/          WITHOUT PREPAYMENT OF COSTS

16          Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order

17   filed November 13, 2006, the court determined that plaintiff's complaint appears to state

18   cognizable claims for relief against defendant Snead and ordered plaintiff to provide information

19   for service of process on form USM-285, a completed summons, two copies of the complaint for

20   service, and a notice of compliance. Plaintiff has filed the required papers.

21          Accordingly, IT IS HEREBY ORDERED that:

22          1. The Clerk of the Court is directed to forward the instructions for service of

23   process, the completed summons, copies of the complaint, and copies of this order to the United

24   States Marshal.

25          2. Within ten days from the date of this order, the United States Marshal is

26   directed to notify defendant L. Snead of the commencement of this action and to request a waiver

1

1  of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C.
2  § 566(c).

3        3. The United States Marshal is directed to retain the sealed summons and a copy
4  of the complaint in their file for future use.

5        4. The United States Marshal shall file a returned waiver of service of summons
6  as well as any request for waivers that is returned as undelivered as soon as it is received.

7        5. If a waiver of service of summons is not returned by the defendant within sixty
8  days from the date of mailing the request for waiver, the United States Marshal shall:

9              a. Personally serve process and a copy of this order upon the defendant
10             pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.
11             § 566(c) and shall command all necessary assistance from the California
12             Department of Corrections and Rehabilitation (CDCR) to execute this
13             order. The United States Marshal shall maintain the confidentiality of all
14             information provided by the CDCR pursuant to this order.

15             b. Within ten days after personal service is effected, the United States
16             Marshal shall file the return of service for the defendant, along with
17             evidence of all attempts to secure a waiver of service of summons and of
18             the costs subsequently incurred in effecting service on the defendant.
19             Costs shall be enumerated on the USM-285 form and shall include the
20             costs incurred by the Marshal's office for photocopying additional copies
21             of the summons and complaint and for preparing new USM-285 forms, if
22             required. Costs of service will be taxed against the personally served
23             defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

24       6. Defendant shall reply to the complaint within the time provided by the
25 applicable provisions of Fed. R. Civ. P. 12(a).

26 /////

2

1        7. Unless otherwise ordered, all motions to dismiss, motions for summary
2  judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59
3  and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall
4  be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be
5  deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only
6  as directed by the court.

7        8. If plaintiff is released from prison at any time during the pendency of this case,
8  any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule
9  78-230(m). In the absence of a court order granting such a request, the provisions of Local Rule
10  78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.
11  See Local Rule 1-102(d).

12        9. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),
13  plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to
14  exhaust administrative remedies made by the defendant pursuant to non-enumerated Rule 12(b)
15  of the Federal Rules of Civil Procedure. Such a motion is a request for dismissal of unexhausted
16  claims without prejudice. The defendant may submit affidavits or declarations under penalty of
17  perjury and admissible documentation to support the motion to dismiss. To oppose the motion,
18  plaintiff may likewise file declarations under penalty of perjury and admissible documentation.
19  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
20  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
21  the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve
22  and file one or more affidavits or declarations by other persons who have personal knowledge of
23  relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the
24  records are what plaintiff claims they are. If plaintiff fails to contradict the defendant's evidence
25  with admissible evidence, the court may rely on the defendant's evidence. In the event both sides
26  submit matters outside the pleadings, the court may look beyond the pleadings and decide

3

1  disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion to
2  dismiss, the court may consider plaintiff's failure to act as a waiver of opposition to the
3  defendant's motion. If the defendant's motion to dismiss, whether opposed or unopposed, is
4  granted, plaintiff's unexhausted claims will be dismissed without prejudice.

5          10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
6  and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following
7  requirements for opposing a motion for summary judgment made by the defendant pursuant to
8  Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for
9  judgment in favor of the defendant without trial. A defendant's motion for summary judgment
10 will set forth the facts that the defendant contends are not reasonably subject to dispute and that
11 entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must
12 offer proof of the plaintiff's claims. Plaintiff may do this in one or more of the following ways.
13 Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
14 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
15 the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve
16 and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove
17 the plaintiff's claims; a person who signs an affidavit or declaration must have personal
18 knowledge of the facts stated therein. Plaintiff may rely upon written records, but plaintiff must
19 prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of
20 the transcript of one or more depositions, answers to interrogatories, and admissions obtained in
21 this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or
22 other admissible evidence, the defendant's evidence may be taken as the truth and the
23 defendant's motion for summary judgment may be granted. If there is some good reason why
24 evidence is not available to plaintiff when required to oppose a motion for summary judgment,
25 plaintiff may request that the court postpone consideration of the defendant's motion. If plaintiff
26 does not serve and file written opposition to the motion or request that the court postpone

                                                    4

1  consideration of the motion, the court may consider the plaintiff's failure to act as a waiver of
2  opposition to the defendant's motion. If the defendant's motion for summary judgment, whether
3  opposed or unopposed, is granted, judgment will be entered for the defendant without a trial and
4  the case will be closed.

5        11. A motion or opposition supported by unsigned affidavits or declarations may
6  be stricken.

7        12. Each party shall keep the court informed of a current address at all times
8  while the action is pending. Any change of address must be reported promptly to the court in a
9  separate document captioned for this case and entitled "Notice of Change of Address." A notice
10 of change of address must be properly served on other parties as well as the court. Pursuant to
11 Local Rule 83-182(f), service of documents at the record address of a party is fully effective.
12 Failure to inform the court of a change of address may result in the imposition of sanctions,
13 which may include dismissal of the action.

14       13. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
15 Practice.

16       14. The failure of any party to comply with this order, the Federal Rules of Civil
17 Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
18 not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 11; Local Rule 11-110.
19 DATED: December $\mathcal{Y}$, 2006.

_Dale A. Ingd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13.mp
arme1949.8

5